THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JOHN H. REDMOND IV,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>                Defendants. | **MEMORANDUM DECISION &<br>ORDER DENYING MOTION FOR<br>RELIEF FROM JUDGMENT**<br><br>Case No. 2:21-CV-405 DBB<br><br>District Judge David Barlow |

      As a *pro se* inmate, Plaintiff submitted this civil-rights action, (ECF No. 1). *See* 42 U.S.C.S. § 1983 (2022).

      On August 25, 2021,

> [b]ecause Plaintiff had, three or more prior times while incarcerated, filed an action dismissed as "frivolous or malicious or fail[ing] to state a claim upon which relief may be granted," 28 U.S.C.S. § 1915(g), the Court concluded that Plaintiff could not proceed *in forma pauperis* but must pay his entire $350 filing fee up front.

(ECF No. 13.) "The Court warned that Plaintiff's complaint would be dismissed unless he paid the full filing fee within thirty days." (*Id.*) After more than six months passed without payment, on March 8, 2022, the Court dismissed this case. (*Id.*)

      Six days later, Plaintiff filed a motion for relief from judgment. (ECF No. 15.) Based on the motion's timing, the Court construed it as a motion to alter or amend judgment, under Federal Rule of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). (ECF No. 16.) That motion argues that Plaintiff should have been allowed to proceed *in forma pauperis* under an exception to

§ 1915(g), in which he may proceed if he "is under imminent danger of serious physical injury." (*Id.*) In fact, he requested that the Court "should send a [complete copy] of complaint so that plaintiff may point out which claims are 'under imminent danger of serious physical injury,'" in support of his post-judgment motion. (*Id.*)

On January 3, 2023, the Court ordered (a) the Clerk's Office to send Plaintiff a copy of the Complaint and (b) Plaintiff to "within thirty days **SHOW CAUSE** why his Motion for Relief from Judgment should not be denied because he has not adequately shown that his claims support the exception to § 1915(g)." (*Id.*) Plaintiff has not responded. Indeed, the Complaint copy and Order to Show Cause were not mailed to Plaintiff because he has not ensured as required that the Court has a current address on file for him. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). And, Plaintiff has not been heard from again in this case in the nearly eleven months since he filed his post-judgment motion on March 14, 2022. (ECF No. 15.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief from Judgment is **DENIED**. (ECF No. 15.)

DATED this 3rd day of February, 2023.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court